PETITION OF CAROLINE F. PIERCE *et al.* for an Opinion.

PROVIDENCE—FEBRUARY 2, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A testator can devise land that may be acquired by him subsequently to the execution of his will, provided his intention to do so appears by the *express* terms of the will; it is not enough that such intention appears by implication or inference.

CASE STATED for an opinion of the court upon the construction of a will. The testator, after directing payment of his debts, gave to his wife, forever, all the remainder of his "estate, real and personal, goods and chattels, of what kind and nature soever or wherever the same may be situated or located." After the execution of his will he acquired two parcels of land, and the question arose as to whether she became seized of the fee therein under the will.

MATTESON, C. J. We do not see that this case can be distinguished from *Church* v. *Warren Mfg. Co.*, 14 R. I. 539. The statute in force at the date of the execution of the will of Albert C. Pierce, February 10, 1877, was Gen. Stat. R. I. cap. 171, § 1. It provided that a testator might devise land acquired subsequently to the execution of his will, but that his intention to devise it must appear by the *express terms* of the will. As the intention must appear by express terms, it is not enough that it may appear by implication or inference. It is contended in behalf of Caroline F. Pierce that because the will directs the payment of the testator's debts and funeral expenses, and these could not be paid until after his decease, and the gift was of the residue of the estate, it was clearly his intention that his widow should take the after-acquired real estate. Perhaps it may have been the testator's intention. Such intention, however, if it appears, does not appear in express terms, but merely by implication or inference. The will of Irene Butler, considered in *Church* v. *Warren Mfg. Co.*, contained the same direction as to payment of debts and funeral expenses, and a residuary gift;

but it was held, nevertheless, that as the intention did not appear in express terms it did not pass after-acquired realty. In this case, as in that, the residuary clause is merely that which the testator would have used had his intention been to pass only the real estate which he owned at the execution of the will. And see *Webster* v. *Wiggin*, 19 R. I. 73.

Our opinion is that Caroline F. Pierce, the widow of the testator, did not take any title to the two parcels of land mentioned in the petition, acquired by the testator subsequently to the execution of the will, under the devise to her in the will.

*George T. Brown and David S. Baker*, for the several parties in interest.